IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JESSE G. MATTHEWS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-3117 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION**

**COLLEEN R. LAWLESS, U.S. District Judge:**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Administrative Law Judge (ALJ)'s Decision denying Plaintiff Jesse Matthew's application for social security disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1383(c)(3). Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 9), which requests remand, and Defendant's Response brief (Doc. 12), which requests affirmance. For the reasons that follow, the ALJ's Decision is AFFIRMED.

**I.    BACKGROUND**

Plaintiff applied for supplemental security income in May 2020, alleging disability beginning October 25, 2019. (R. 15). Plaintiff was 39 years old on the date the application was filed and has at least a high school education. (R. 28). In his function report, Plaintiff reported that he makes frozen meals most days because it is hard for him to stand. (R. 246). He can do chores, depending on his depression, and he is able to care for his cat and

fish. (R. 245-46). He can walk for about 10 blocks before needing a 5-10 minute break. (R. 249).

The claim was initially denied on July 21, 2020, and upon reconsideration on December 15, 2020. (R. 15). At both stages, the evaluators found three severe impairments: spine disorders; depressive, bipolar and related disorders; and anxiety and obsessive-compulsive disorders. (R. 74, 94). On September 27, 2021, the ALJ held a hearing where Plaintiff and a vocational expert ("VE") testified. (R. 15).

At the hearing, Plaintiff testified that he had testicular discomfort, back pain, anxiety, and depression. (R. 41-49). His testicular pain makes him feel as though he is being "punched… constantly." (R. 42). According to his doctors' notes, urology and gastroenterology examinations, and his primary care physician, there were no objective findings about the cause of his testicular pain. (R. 631). His primary care physician referred him to a pain management clinic as the physician was concerned about his long-term use of hydrocodone. (R. 631). Plaintiff also testified that he had migraines that last about a day or two. (R. 44). Laying in a quiet, cold room helps to ease the pain or the migraines. (R. 44). He also has generalized anxiety that feels like a heart attack. (R. 45). His anxiety is triggered by being in groups of people. (R. 47). He testified that he has trouble concentrating and about 2-3 times per month he becomes irritable when he is around others. (R. 48-49).

The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 25, 2020, and suffers from the following severe impairments: degenerative disc disease of the lumbar spine, arthritis of the cervical spine, obesity, major depressive

disorder, panic disorder, and anxiety. (R. 17). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 19). This is because the ALJ found that:

> there is no evidence that the claimant medically requires an assistive device that involves the use of both hands or has an inability to use one upper extremity and requires an assistive device using the other upper extremity as described in 1.00E4 and 1.00C6. Additionally, the claimant has not satisfied the listing 1.15 physical limitation of an inability to use both upper extremities for fine and gross movements as outlined in 1.00E4.

(R. 19). The ALJ noted that Plaintiff had "full strength in all extremities and range of motion, as well as a normal gait and no medically necessary assistive device." (R. 19). The ALJ also considered the effects of Plaintiff's obesity on the coexisting or related impairments but found that the record as a whole does not support a finding that it causes physical limitations equivalent in severity to any listed impairment. (R. 20).

The ALJ found that Plaintiff had a mild limitation in understanding, remembering, or applying information. (R. 20). According to the ALJ, Plaintiff alleged that he had difficulty remembering, understanding, and following directions but his mental status examinations described his memory as intact. (R. 20). The ALJ also found moderate limitations in interactions with others, concentrations, and adapting and managing oneself. (R. 20).

The ALJ found that the Plaintiff has the residual functional capacity (RFC) to:

perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes, or scaffolds. He can frequently stoop or climb ramps and stairs. He can perform work requiring no exposure to hazards, such as unprotected heights. The claimant can maintain the attention required to perform simple, routine tasks

and make simple, work-related decisions. He can adapt to few, if any, workplace changes that are predictable and introduced gradually. He can perform work that is not at a fast pace such as on an assembly line but can stay on task and meet reasonable production requirements in an environment that allows a flexible and goal-oriented pace. The claimant can have no contact with the public and can work in an environment requiring not more than occasional, superficial interaction with coworkers, where superficial is defined as no negotiation, arbitration, mediation, confrontation, or supervision of others.

(R. 21). The VE testified that there are a number of jobs in the national economy that fit those parameters. (R. 64). The ALJ concluded that based on all of the factors, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. 29).

## II. DISCUSSION

### A. Legal Standard

The Plaintiff has the burden of proving he is disabled. *See Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022), *citing* 20 C.F.R. § 404.1512(a)). For these purposes, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011).

"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The court considers the ALJ's opinion as a whole, *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004), and the Seventh Circuit has said that it is a "needless formality to have the ALJ repeat substantially similar factual analyses" at different sequential steps. *Jeske v. Saul*, 955 F.3d 583, 590 (7th Cir. 2020). Although the task of a court is not to reweigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id.* at 856-57. A reviewing court does not "resolve conflicts or decide questions of credibility." *L.D.R. v. Berryhill*, 920 F.3d 1146, 1151 (7th Cir. 2019).

**B. Analysis**

In his Motion, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to properly consider Plaintiff's allegations of disabling testicular pain. (Doc. 9 at 7). In response, Defendant argues that the ALJ's properly considered Plaintiff's subjective statements about his symptoms. (Doc. 12 at 3-4).[1]

---

[1] In the "Applicable Law and Facts in Support of Plaintiff's Appeal" section of his brief, Plaintiff also states that the ALJ erred in evaluating an opinion from "treating physician Dr. Kayla R. Miller." (Doc. 9 at 6). However, the record does not contain an opinion or treatment notes from this provider, and Plaintiff does

The Seventh Circuit has held that while an ALJ does not have to evaluate each and every piece of evidence, they are required to build an "accurate and logical bridge" from the evidence presented to the ultimate conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2011). The RFC is "an assessment of an individual's ability to do sustained work. It is the most an individual can work despite his or her limitations or restrictions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022), *citing* SSR 96-8p, 61 Fed. Reg. 34474, 34475. While an ALJ need not use any "magic words" when formulating a claimant's residual functional capacity, his "RFC assessment must incorporate all of the claimant's limitations supported by the medical record, including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). The "residual functional capacity analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021).

In evaluating a claimant's subjective complaints of pain, the ALJ must first determine whether the pain alleged is substantiated by objective medical evidence. 20 C.F.R. § 404.1529. "If the allegation of pain is not supported by the objective medical evidence in the file and the claimant indicates that pain is a significant factor of his or her alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects to the claimant." *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994), *citing* Social Security Ruling 88–

---

not mention Dr. Miller in the "Argument" section of his brief. The reference to Dr. Miller appears to be an error, so it will be disregarded. Further, it is not the duty of courts to construct parties' legal arguments. *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir.2008)

13 ("SSR 88–13"). Factors that must be considered by the ALJ include: "the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities." *Luna*, 22 F.3d at 691.

In *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008), the Seventh Circuit emphasized that "although an ALJ may not ignore a claimant's subjective reports of pain simply because they are not fully supported by objective medical evidence, discrepancies between objective evidence and self-reports may suggest symptom exaggeration." In that case, the ALJ observed that although the plaintiff alleged episodes of gout and had taken medication to treat gout symptoms, there was "no description by a physician of an actual gout flare-up in the record." *Getch*, 539 F.3d at 483. Further, the ALJ noted that there were discrepancies between the plaintiff's testimony about the disabling gout and the medical reports documenting the plaintiff's "normal range of motion, ability to walk and stand without significant limitation, and absence of joint swelling or other gout symptoms." *Id.* The Seventh Circuit concluded that the ALJ did not err in discounting a claimant's reports of pain where they were not supported by the medical record and affirmed the ALJ's conclusion that although the impairments were real, the plaintiff exaggerated their impact on his ability to work. *Id.*

Here, the ALJ did note that "one of [Plaintiff's] most recurrent complaints was testicular pain." (R. 19). The ALJ observed that Plaintiff's providers could not identify objective findings regarding testicular pain. (R. 19). The ALJ specifically stated:

> His primary care provider reviewed the attempts made by healthcare providers to diagnose and treat that pain, including but not limited to referrals to urology, GI, neurosurgery, pain management, and psychiatry as well as multiple imaging modalities including x-ray, CT, and MRI. The claimant had epidural steroid injection trials. He had treatment for prostatitis colitis as well as irritable bowel and other chronic GI pain therapies. He also had a cord block.

(R. 19) (internal citations removed). The ALJ's recitation cited to physician notes which referred Plaintiff to pain management clinic and noting that "[u]nfortunately his work-up thus far has not revealed any objective findings" to find a cause for the testicular pain. (R. 19, 631). The ALJ concluded that this was not an impairment, but a symptom of his back pain based on a physician's report that the pain arose from the lumbar spine problems or SI joint issues, which the ALJ did find to be a severe impairment. (R. 17-19). With that, the ALJ noted: "To any extent there is verified pain as a symptom, it is adequately addressed in the residual functional capacity through limitations related to his severe impairments." (R. 19). The ALJ also noted diagnostic testing that failed to corroborate Plaintiff's claims of complete disability, including 2021 sacroiliac joint/pelvic x-rays showing no significant abnormalities, and a normal testicular ultrasound in August 2021. (R. 25).

Regarding Plaintiff's subjective statements of pain, the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 23). The ALJ noted that "the record is devoid of evidence that the claimant told medical providers

that he required naps four times per day lasting two to six hours each in addition to sleeping at night, which involves sleeping the vast majority of the day and night," which differs from Plaintiff's testimony at the hearing. (R. 23). The ALJ pointed out another discrepancy in that "while the claimant primarily testified that constant, severe pain prevented him from working, notes show that he routinely presented for medical care in no distress or no acute distress." (R. 23). The ALJ's further discussions of Plaintiff's affect at appointments was used to demonstrate that his subjective reports of pain contrasted with the objective medical evidence. (R. 23). In addition to those statements regarding Plaintiff's affect, the ALJ went into detail about Plaintiff's consultations, tests, medication impacts, and treatment courses. (R. 23-26). Thus, the ALJ concluded that the appropriate RFC is "that the claimant can perform light exertional work. Due to his use of pain medication, for his safety, he should never climb ladders, ropes, or scaffolds and avoid exposure to hazards, such as unprotected heights. To avoid exacerbating his pain, he should not more than frequently stooping or climb ramps and stairs." (R. 26).

The ALJ's entire discussion sufficiently establishes a logical bridge between the RFC limitation and the evidence. The ALJ noted several discrepancies between Plaintiff's testimony and the objective medical evidence and found that the claimant's subjective statements were "not entirely consistent" with the medical evidence. (R. 23). This comports with the Seventh Circuit's mandate in *Getch*, that "although an ALJ may not ignore a claimant's subjective reports of pain simply because they are not fully supported by objective medical evidence, discrepancies between objective evidence and self-reports may suggest symptom exaggeration." *Getch*, 539 F.3d at 483. While the ALJ noted these

discrepancies, the ALJ did not completely discount Plaintiff's subjective statements of pain; in fact, the ALJ explicitly took them into consideration by adding that "[t]o avoid exacerbating [Plaintiff's] pain, he should not more than frequently stooping or climb ramps and stairs." (R. 26). Therefore, the Court finds there is substantial evidence to support the ALJ's conclusion that Plaintiff could perform light exertional work with only frequent stooping and climbing of ramps and stairs.

Moreover, Plaintiff does not cite to any supporting evidence to demonstrate that the ALJ should have further limited his RFC. *See Sosh v. Saul*, 818 F. App'x 542, 546 (7th Cir. 2020) ("A claimant who does not 'identify medical evidence that would justify further restrictions' is not entitled to remand."); *see Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (noting that plaintiff's argument for further restrictions failed due to plaintiff's failure to identify medical evidence justifying further restrictions). Instead, Plaintiff's request is akin to asking this Court to reweigh the evidence and substitute our judgment for that of the ALJ, which this Court cannot do. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence."). As such, the decision of the ALJ with regard to Plaintiff's RFC is affirmed.

### III.    CONCLUSION

In summary, the Court has reviewed all of Plaintiff's arguments and concludes that the ALJ properly applied the law and supported her decision with substantial evidence. For these reasons, Plaintiff's Motion for Summary Judgment (Doc. 9) is DENIED. IT IS ORDERED that the that the decision denying benefits to Plaintiff Jesse

Matthews is AFFIRMED. The Clerk of the Court is directed to enter judgment in favor of the Defendant Commissioner and against Plaintiff Matthews. This case is terminated.

ENTER: August 21, 2023

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE